Good morning, it's Velazquez v. Garland. This is 22-9576. All right, we'll hear from the counsel. Good morning, Your Honors, and may it please the Court. My name is Henry Holothron, and I appear on behalf of the petitioner in this case, Mr. Abisai Monsalvo Velazquez. Your Honors, the facts of this case are not in dispute. The Board of Immigration Appeals granted Mr. Monsalvo Velazquez a voluntary departure on Tuesday, October the 11th. Sorry, October 12th, I'm sorry, 2021. They gave him the maximum allowed period of 60 days to depart the United States. The 60th calendar day fell on a Saturday, December 11th, 2021. He filed a motion to reopen on the immediately following Monday, which was 62 calendar days after the period. The question this case presents is whether Mr. Monsalvo Velazquez has rather filed his motion to reopen within the voluntary departure period, such that he is not subject to the monetary and civil penalties for someone who fails to depart the United States within the voluntary departure period. It is our contention that this Court does have jurisdiction to review this question, even though a favorable decision will not result in a vacater of the removal order against Mr. Monsalvo Velazquez, and also that because the 60th calendar day of the period fell on a Saturday, the period is construed consistent with the deadlines and the practice at the Executive Office for Immigration Review to fall on the immediately following Monday. Well, when you say the period would expire on Monday, the period for the motion to reopen, the period for the voluntary departure, or what exactly would have been extended until Monday? The voluntary departure period, Your Honor. So he wouldn't have been able to get in a car and voluntarily depart on Saturday? He would have been able to get in a car and voluntarily depart on Saturday, Your Honor. But in a similar way, the rules of this Court, the practice at EOI, even though, for instance, someone can file an appeal electronically in many cases these days, or a motion to reopen or reconsider electronically in many of these cases on a weekend, one could technically submit that petition on a weekend, the Court cannot receive that until the Monday. And so the way that this regulation is worded, it says that the motion to reopen must be filed within the voluntary departure period. Now, I do recognize that in the Meza-Vallejos case, the Ninth Circuit did kind of make a narrower rule that said that for purposes of motions to reopen, the period is construed to fall on the following business day. But given that the regulation does contemplate filing the motion within the voluntary departure period, I would suggest that the only result that makes sense is that the period itself runs until the Monday. Can I test that a little bit? Certainly. His motion to reopen on Monday would have been after 62 days. He had 90 days to file a motion to reopen. So there's no question that anybody has presented, including the government, that his motion to reopen would have been late on Monday. That was actually 28 days early, right? Yes, Your Honor. And so the period that we're talking about, the penalty provision, doesn't say, I don't think, that anything about 60 days. It just says that you are not going to be subject to the voluntary departure due to a failure to voluntarily depart penalty, the monetary penalty or the ineligibility for cancellation of removal, unless you filed the motion to reopen prior to the expiration of the period allowed for voluntary departure. So we're not talking about those rules that talk about a deadline falling on a Saturday, right? Well, Your Honor. The deadline's not for over three and a half weeks. Well, there is a deadline by which you had to depart, Your Honor. It was either Saturday, the 11th of December, or Monday, the 13th of December. And I will point out that even in 2019, when the immigration judge granted him 60 days to voluntarily depart, again, that hearing occurred on a Tuesday, March the 5th. Sixty calendar dates after that would have been on Saturday, May the 4th. And if you look at page 523 of the record, it says, and this is page 85 of volume two, if that's easier, same place. But he was granted until, by the immigration judge, Monday, May the 6th, 62 calendar days after the hearing had happened. This despite the fact that the judge did very clearly say in the order that he had to depart within 60 days. Did the judge have the authority to extend the voluntary departure period? Yes, Your Honor. Under HCFR section 1001.1H, it's a definition section for the entire chapter of the EOR regulations that includes the voluntary departure regulation. And that section specifically talks about the taking of any action under this chapter. And it is our contention that even though, for instance, the statute that Congress enacted for motions to reconsider doesn't say anything about how the days are to be computed for motions to reconsider, motions to reopen. It doesn't say anything about, for instance, when you can file a petition for review. It just tells us it's 30 days. So the statute says that a voluntary departure period can be granted for a maximum of 60 days, which is why the meaning of days is indeed relevant here. Whether the 60th day that was the maximum allowed would be construed to fall on a Saturday or a Monday. This is not a question of tolling, as the government would suggest. Counsel, how do you rationalize the Dada v. Mukasey case? The Dada v. Mukasey case, Your Honor, said that you cannot toll the voluntary departure period. So Mr. Monsalvo Velasquez could not, by filing a motion to reopen, stop the clock and say, OK, well, until you grant or deny my motion, I am not subject to an order of removal. I'm not subject to any of these other consequences, but mainly the order of removal. There is no tolling. No one is suggesting that the automatic conversion of his voluntary departure order into an order of removal was improper. The period is not being tolled. It's simply being construed. Well, didn't that case make clear that the time to depart, the 60 days, and any motions that you might want to file to withdraw your right to reopen had to be done before the 60 days expired? It did, Your Honor. It did make clear that it has to be done before the 60 days expire. But again, there is no citation or quotation in the Dada case that says that these 60 days are counted as the 60th calendar day. It just says the 60 days. They said 60 calendar days. 60 days are 60 days. Well, Your Honor, I would point out that in the case of the government sites, Wyoming versus the U.S. Department of Agriculture, on page 1238, which is the discussion the Attorney General points to for the proposition that courts have previously upheld, or this court has previously upheld, and agencies refused to extend a deadline. In that case, also, the department in that case- Well, other than the Ninth Circuit case, is there any other authority that you have that would permit an extension of that 60-day period? In the immigration context, no. The case I was referring to here, Your Honor, the Wyoming case, is actually from this circuit. And I was just going to point out that the department in that case, it has nothing to do with immigration. It has to do with the scoping regulation. This is the Wyoming versus- It has to do with the forestry service that the government said in its brief, and that I analyzed in the reply brief. And in that case, the government said it was giving a 60-day period, that again, the rule started on Tuesday in October, and it ended technically by calendar days on a Saturday. But the period, according to the court, if you look at the very bottom of page 1238 of that case, the period ended on the following Monday. So while it is true that 60 days cannot be- the period cannot be extended beyond 60 days. The question here is what days means. How do we compute days? Well, that was the Ninth Circuit's attempt to circumvent the statute. What day- we're really only saying the 60th day is on the 62nd day. Just as, Your Honor, when you're filing a motion to reopen or reconsider. But filing the motion, nothing stopped him from filing a motion whenever he wanted to file it. I agree, Your Honor. But what I'm trying to say is that if, for instance, if, for instance, the motion to reconsider deadline had fallen on a Saturday or, let's say, even on a federal holiday, the board would have construed that deadline for filing the motion to fall on the 31st day. So that's different, though. I mean, I think that's where I'm hung up. When you have a- for example, in your client's decision, the judge tells him you have 30 days to appeal. And rules tell you how to calculate 30 days and that you have to file your brief on a certain day. If it follows on a Saturday, you have to file it on a Monday. This isn't a filing deadline. This is a deadline for your client to be out of the country. I guess my question for you would be, on Sunday, could ICE have showed up at his house and arrested him and taken him and deported him? I would have to say no, Your Honor, especially because, as I said, in 2019, the judge actually told him he could leave on May the 6th. Okay, let me ask you this. So let's assume the judge was wrong. Okay. Let's assume the judge miscalculated or wrongly understood the import of the statute. Can your client- do you have a case that says your client can benefit from the judge's erroneous statements? No. Or is he stuck with the law- the rule of law as it's interpreted by the court? At this time, Your Honor, I certainly do not have a case. I would be happy to brief this, if Your Honor would wish, but I don't have a case at this time. Okay. You don't need to give me a brief. We can look it up ourselves. But I was just curious, because I guess where I'm hung up on this case is the difference between a deadline to get out and because the voluntary- the granting of voluntary departure gives your client certain benefits, and so you have a deadline to get out versus a filing deadline, which are two different things. Like Judge Bacharach said, I mean, the motion that was filed was- could be filed in a 90-day period. Technically, it was early. Yes, Your Honor, it was early. But the way that I was just thinking about this is that the motion or appeal, or indeed a petition for review in this circuit, can be filed on a weekend, and yet we construe these- the courts construe these deadlines to fall on the Monday, even though that action could technically- the court could demand, hey, you know, if you're a lawyer, you just need to file this on the weekend through our e-filing system. We'll review it on Monday. Yeah, that's not the- I mean, that's not the rule, though, for filing deadlines, right? We grant everybody until the next business day on filing deadlines, and I guess I want- what I'd like you to do is to- and I can't think of another example to differentiate this, but it just seems like this is not a filing deadline we're dealing with. Well, I mean, voluntary departure is a unique benefit in that sense, because, I mean, there are other filing deadlines I can think of, but the point is not, in my view, about whether this is a filing deadline or not. It is whether what could be done by the time the deadline runs could be done on a weekend or a Monday. That's the distinction I believe Your Honor is making, is could this have been done on a weekend or a holiday? And my point is that, you know, yes, the standard rule for filing deadlines is indeed that it is extended, but technically speaking, in many cases, not all, in immigration these days, and certainly with petitions for review, those could be done on the weekend. We just don't. So with a little time I have left, I will just say that it is certainly our intention also that the court does have jurisdiction. It doesn't seem you need me to address that this time. So if Your Honors have no further questions, I will reserve the remaining time for rebuttal. All right. Thank you. Thank you. Thank you. Good morning, Your Honors, and may it please the court. Corey Farrell on behalf of the Attorney General. In this case, the board denied petitioner's motion to reopen to pursue cancellation of removal for two independent and dispositive reasons. Petitioner only challenged one of those reasons, both before the board in his motion to reconsider and now before the court. Specifically, petitioner failed to dispute that the board's denial of reopening on the ground that his motion was not based on new facts or evidence. Because petitioner failed to challenge this dispositive ground, he cannot show that the board abused its discretion in denying his motion to reconsider. But he's not even asking for an opportunity to reopen. That's correct, Your Honor. So I don't understand. His appeal is from his petition to review is from the denial of the motion to reconsider. This is an unusual situation. Ordinarily, you would be right, but it doesn't seem to me that your argument has anything to do with the relief that he's asking for. So he filed a petition for review from the denial of a motion to reconsider, the denial of his motion to reopen. I understand all of that. So here we end in the board's denial of reconsideration. It talks about two separate grounds. Right. And he doesn't question one of them. What he questions is the other one, which does have continuing consequences. It involves not only a monetary penalty, but ineligibility for discretionary forms of relief for up to 10 years. That's what he's complaining about. That is correct, Your Honor. I don't dispute that. But his motion to reopen was only to seek cancellation of removal. Okay. And so here he does not dispute that portion of his ineligibility for cancellation of removal. So we have this other section. The government's position is set forth in its brief that it's not necessary to resolve the voluntary departure issue. However, I do think if we talk about the voluntary departure issue, I think Judge Carson makes the point that the government set forth in their brief that there's a difference between filing deadlines, and here we have a statutory deadline. What would you do if for some reason all of the airlines were shut down on the 60th day? You could not get a ticket. You could not fly on the 60th day. Would your argument differ? I don't think so, Your Honor. I think in one of the cases. Well, he has 60 days now. If you say no, he has to go on the day before, then he's only got 59 days. Right. And we can talk about whether he can drive. There are all sorts of different hypotheticals that could come up. That's not what happened here. There's no dispute that we had the 60th day on Saturday. Yeah, but I want you to answer that question. If there was no way he could depart on the 60th day, would your position change? If there was absolutely no way he could depart and he didn't ask DHS for an extension of his voluntary departure period, then I don't think my position would change because we still have the statutory. The statute says 60 days. The voluntary departure period shall not be valid for a period exceeding 60 days. And in DADA, the Supreme Court said that was not ambiguous. And here, when we talk about filing deadlines, when we talk about your internal filing deadlines or this court's filing deadlines, there are specific rules laying out what those days mean and what happens when a filing deadline would fall on a weekend or a holiday. Well, I guess you would disagree then with the Ninth Circuit. Yes. Yes, I would for a few reasons, Your Honor. I think one that the government highlights in the brief is that the Ninth Circuit's decision was issued prior to the enactment of the final rules. And in the final rules, it makes it very clear that the motion needs to be filed prior to the expiration of the voluntary departure period. Now, that was to withdraw the motion to reopen. The filing of a motion to reopen terminates the voluntary departure period. And I also think that it's interesting that in two places in the Ninth Circuit's decision, it states that the board's position is reasonable. It just goes in another direction. It decides that it had the better reading. And here, we have the statute. We have the regulations and the proposed rules, which are entitled to deference. What, our deference? Our deference. So based on a single-member BIA opinion? Well, the Attorney General's recent consideration of the proposed rules and final rules in promulgating the regulation. Well, the AG's determination merely sets up the whole issue. The only determination that I thought you were suggesting deference to is to the single-member BIA individual's determination that there is no, that the deadline on a Saturday for voluntary departure being Saturday, not Monday. Right. And the board's decision cites to the regulations. And in both 1240.26E, 1, and 2, and 1240.26F, those, you know, especially F states, quote, the filing of a motion to reopen or reconsider does not toll, stay, or extend the period allowed for voluntary departure. But again, he's not arguing tolling. I mean, we know that under DOTA. Right, but under Petitioner's argument, he would be getting 62 days to voluntarily depart. So do you think he's arguing that by filing his motion is your position that he's asking to extend the 60-day period? Yes, because there is no dispute that the 60-day period ended on Saturday. So tell me this. Somewhere floating around in this case, there are three people who can extend the 60-day period. Who are those people? In 1240.26, let's see, it talks about within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs. Okay, so I asked your opposing counsel a question about what do we do if the IJ made a mistake in telling him he had until Monday. What do we do with that? Well, unfortunately, that issue was raised for the first time on the reply brief. So we don't really know what happened there. That wasn't raised to the board. We don't know if it was a mistake or a misreading of the statute. So you would say that's not exhausted? I would. Okay, so but let's, for fun, let's assume it was. What's your position on that? Can he rely on the IJ giving him the wrong day? No, because the government's position would be that the immigration judge did not have the authority under the statute to extend that period. Okay, so I'm sure there's lots of law on this. But my question would be, so let's assume like a district court judge. Somebody goes, district court judge tells them a proposition of the law. They do what the district court judge says. It turns out that the district court judge was dead wrong and caused them to have a jurisdictional failure. Do you know of a case that says that we give them a pass on jurisdiction because the district court advised them incorrectly? I don't, Your Honor. And I would also say here that we don't know. There's nothing in the record that shows that the immigration judge said to him, you have 60 days. That falls on a Saturday. But I'm giving you until Monday. Like I said, we don't really know what happened. It does say right here, here's the judge's words. I'm granting you voluntary departure for 60 days upon the posting of a $500 bond. And that will be until May 6, 2019. And I believe May 6 is Monday. It was, Your Honor. Okay. So I mean, he does tell him that. Right. He didn't say because it fell on a Saturday, I'm giving you until Monday. We don't know if it was a mistake in calculation. And that's where the exhaustion issue comes in. Petitioner did not raise reliance on this at any time before the agency, now before the first time in the reply brief. Okay. Is the 60-day restriction on voluntary departure jurisdictional? Is it jurisdictional? For, does this court have jurisdiction? No. Is that a jurisdictional restriction? The 60 days? No, Your Honor. Because he still has. The reason I ask, in 2014, in connection with the challenge to the Hays Rules, we had a situation where a judge, an agency, informed a petitioner that he had a certain number of days to file a petition for relief. The petitioner complied, and we said that the time limitation was jurisdictional. And so even though the petitioner complied with what the agency had said, we said he was too late. And so if the 60-day period wasn't jurisdictional, I think you may have somewhat of an uphill battle if the judge specifically said you've got until Monday. Right. And here we don't have that kind of jurisdictional issue because, as you noted, that the motion to reopen was more than timely, and the board considered the motion to reopen. And so the board took jurisdiction over that, considered the issue, denied the motion to reopen for two independent reasons, and then he sought reconsideration of those issues, which the board also considered those issues. But what we have here is a statute that says the voluntary departure period is 60 days, shall not exceed 60 days. We know the Supreme Court has said that provision is not ambiguous. And here there's nothing. Congress could have qualified those days by saying calendar days or business days, and that's what happens when we're talking about filing deadlines is they're qualified, and it tells you how to become qualified. I have a question of calendar days or business days. If they had said business days, he would have had a lot longer than Monday. The problem is, and maybe if I could ask you to address Petitioner's argument, that what kind of – what sense does it make? You know, we have – it's customary now that if you have a deadline to file a document and it's on Saturday or Sunday, it's always extended until Monday, even though nobody actually comes into courthouses anymore to file things. You do it from your home computer, and the same is true for voluntary departure. And so why would it – why would electronic filing allowing an extension of two days, two calendar days, you know, be customary, always permitted, and not extending the same principle to voluntary departure? Well, and I think the difference here is that those filing rules are specified, both in the court's procedures and in your manual. Those days are specified, and they're not here, and so we have 60 days. Petitioner could have departed on the 60th day, and so he – and voluntary departure is this agreed-upon exchange of benefits, and he had the full benefit of the 60-day – the full 60-day voluntary departure period. He also was able to file a timely motion to reconsider, which the board considered. So are you – do you disagree with him when he says that ICE couldn't have picked him up on Sunday? I do disagree with him on that point. I don't think there's any dispute that on the 61st day, his final order of removal was in effect on that day. And so on Sunday, he was removable. If there are no further questions, thank you. Just a couple of points, Your Honor. First of all, to be clear, I'm not arguing at this point that somehow the government is stopped from holding the petitioner to a 60-day period because of the May 2019 decision. I agree that that was never brought up. That was not an argument that was made. I brought up the immigration judge's action here in saying that it was on Monday to point out that this went unremarked by either ICE counsel or anyone else or the Board of Immigration Appeals and reflects the understanding that is at the immigration court. Secondly, again, the attorney general says that it is undisputed that the voluntary departure period ended on a Saturday. That's precisely the point of this argument is that, in fact, the contention is that pursuant to Section 1001.1H, among others, where it says the taking of any action under this chapter, any action for this chapter, it doesn't say just filing deadlines, you compute the days exactly the same way, whether you can file something electronically or whether you need to be voluntarily departing. Finally, the other point that bears mentioning is that the, you know, never mind. Unless the court has anything further, I have nothing to add at this point. Thank you. Okay. Thank you, counsel. This matter will be submitted. Thank you, both counsel, for your excellent briefing and your excellent presentations.